IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09-cv-216-RJC

| | |
|---|---|
| JACOB BRIAN CRAIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>ROY COOPER, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court upon Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is the State's Motion for Summary Judgment.[1] (Doc. No. 4).

**I.     STATEMENT OF FACTS**

On February 4, 2008, in the Superior Court of Yancey County, North Carolina, Petitioner pled guilty pursuant to a plea agreement to two Class G felonies, both possession of a firearm by a felon, and two Class H felonies, breaking and entering and larceny. (Doc. No. 5-2: State Ex. 1 at 4). The parties stipulated that Petitioner was a prior record level III for felony sentencing purposes. (Id.). The Class H and one of the Class G convictions were consolidated for judgment, and the trial court imposed two consecutive 16-20 month active sentences for the Class G felony convictions. (Doc. No. 5-3: State Ex. 2 at 2-5). With respect to each judgment, the court found that Petitioner was a prior record level III. (Id. at 2, 4). Petitioner was represented by counsel and did not appeal.

_____

[1]Petitioner named Roy Cooper, the Attorney General of North Carolina as Respondent, but for ease of reference, the Court refers to Respondent as "the State" throughout this Order.

On March 5, 2008, Petitioner filed a *pro se* motion for appropriate relief (MAR) in the Superior Court of Yancey County. (Doc. No. 5 at 1-2).² Petitioner raised the following claims: (1) that his sentences of 16 to 20 months were improper and not in compliance with Structured Sentencing guidelines for his particular sentencing level; (2) that the sentences were imposed consecutively when they should have run concurrently; (3) that counsel was ineffective for failing to advise him of the alleged impropriety of the sentences that he negotiated and received; and (4) that the State failed to disclose the alleged improper terms of the sentences that he negotiated and received. (Doc. No. 5-17: State Ex. 14 at 2-3).

Petitioner's MAR was denied without a hearing on September 11, 2008. (Id. at 4.) The MAR court addressed Petitioner's sentencing claims as follows:

> Defendant/Petitioner[ ] . . . contends his sentences of two 16 to 20 month sentences are improper and do not conform to sentencing guidelines for presumptive range sentences of Class G, Level III sentences. Defendant/Petitioner contends that he should have been sentenced to 13 to 16 month sentences rather than 16 to 20 month sentences. He contends 16 to 20 month sentences are presumptive range sentences for Class G, Level IV, not Level III. Simply put, Defendant/Petitioner is wrong. He is incorrectly interpreting the sentencing chart, to which he refers. . . . The chart to which Defendant/Petitioner refers is found at N.C.G.S. 15A-1340.17(c). This chart, however, and the court stresses this to Defendant/Petitioner, is the chart for the **minimum** sentence to be imposed, not the **minimum *and* maximum**. There is a **separate** chart for the maximum sentence, and it is found immediately below the chart for the minimum sentence, at 15A-1340.17(d). In Defendant/Petitioner's cases, the range of **minimum** sentences for a Class G, Level III felony is 13 to 16 months. This means that the sentencing judge may sentence a defendant to a **minimum** of 13, or 14, or 15, or 16 months. Once the sentencing judge selects the minimum sentence (in Defendant/Petitioner's cases, that selection and a part of the negotiated plea was for a minimum sentence of 16 months), the sentencing judge must then refer to the corresponding maximum sentence chart, and find the maximum sentence that

---

²After filing his MAR, Petitioner proceeded to paper the North Carolina Court of Appeals and the North Carolina Supreme Court with certiorari petitions in an attempt to obtain a belated appeal. (Doc. No. 5-7: State Ex. 6a; Doc. No. 5-1: State Ex. 6b; Doc. No. 5-11: State Ex. 9a; Doc. No. 5-12: State Ex. 9b). Both courts denied certiorari. (Doc. No. 5-10: State Ex. 8; Doc. No. 5-13: State Ex. 10).

corresponds to the minimum sentence the sentencing judge selected. According to the maximum sentence chart, the proper maximum sentence is 20 months for a 16 month minimum sentence. Defendant/Petitioner was, therefore, correctly sentenced, to 16 to 20 month sentences.

(Id. at 3). The MAR court also found that nothing in the plea agreement provided for concurrent sentences and referred Petitioner to the language in the plea agreement stipulating that sentencing would be in the sound discretion of the trial judge. (Id. at 4).

On October 3, 2008, Petitioner filed a *pro se* certiorari petition in the North Carolina Court of Appeals seeking review of the MAR court's judgment. (Doc. No. 5-18: State Ex. 15 at 2-25). The petition was dismissed without prejudice. (Doc. No. 5-19; State Ex. 16). On November 3, 2008, Petitioner filed a *pro se* certiorari petition in the Supreme Court of North Carolina (Doc. No. 5-20: State Ex. 17a at 2-20), which was dismissed on December 11, 2008 (Doc. No. 5-22: State Ex. 18 at 2).

Petitioner filed his *pro se* federal habeas petition in this Court on June 5, 2009. (Doc. No. 1). In it, he raises the following claims: (1) his guilty plea was not knowing, intelligent, and voluntary due to ineffective assistance of counsel; (2) he received ineffective assistance of counsel; (3) his conviction was obtained in violation of the protection against double jeopardy; (4) he was denied his right to appeal; (5) his conviction was obtained by a violation of the privilege against self-incrimination; (6) his conviction was obtained by the failure of the prosecution to disclose favorable evidence; and (7) he was denied an evidentiary hearing in violation of due process. (Id.). The State responded on June 23, 2009 (Doc. No. 3) and moved for summary judgment (Doc. No. 4). Petitioner filed a "Memorandum in Support of Petition for Writ of Habeas Corpus" (Doc. No. 8), which the Court will construe as a response to the State's Motion for Summary Judgment.

3

Petitioner was released from custody on October 1, 2010, having completed his sentences. N. C. DOC Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0725982 (last visited Sept. 30, 2011). However, this does not moot his claim. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that the "in custody" requirement is met where the petitioner is in custody at the time of filing and that the case or controversy requirement is still met by one challenging the validity of his convictions under the presumption of collateral consequences).

## II. JURISDICTION

In its brief supporting its summary judgment motion, the State contends that Petitioner has failed to name the proper party as Respondent. (Doc. No. 5 at 22). The State is correct. See 28 U.S.C. § 2242. The proper respondent to a habeas petition is the person who has custody over the petitioner. Id.; see also Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Neither Roy Cooper, the North Carolina Attorney General, nor Robert Lewis, Director of Prisons, have custody, physical or legal, over Petitioner.[3] In Rumsfeld, the Court held that the commander of the brig where the petitioner was held was the only proper respondent and not the attorney general. 542 U.S. at 442. Here, the State argues that Petitioner's failure to name the proper respondent deprives this Court of jurisdiction. (Doc. No. 5 at 22).[4]

Circuit courts are split with respect to whether failure to name the proper respondent

---

[3]Congress has authorized § 2254 petitioners challenging present physical custody to name either the warden or the chief state penal officer as a respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Advisory Committee's Note on Rule 2(a), 28 U.S.C., pp. 469-470 (adopted in 1976).

[4]The Court notes that Petitioner used a standard form for § 2254 habeas petitions, on which the Attorney General of the custodial state is listed as an additional party respondent.

4

Case 1:09-cv-00216-RJC   Document 9   Filed 09/30/11   Page 4 of 17

deprives a federal habeas court of jurisdiction. Compare West v. Louisiana, 478 F.2d 1026 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (1975) (holding that "failure to name a proper respondent is a procedural rather than a jurisdictional defect, and it may be corrected by amendment of the petition."); McMaster v. City of Troy, 911 F.2d 733, at *3 (6th 1990) (unpublished table decision); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (proper remedy for failure to name, as respondent, Attorney General of state in which judgment is attacked, as required by Rule 2(b) of the Rules Governing § 2254 cases, is not dismissal but return of petition for amendment pursuant to Rule 2(e)), with Stanley v. California Supreme Court, 21 F.3d 359 (9th Cir. 1994) (remanding habeas to district court with instructions to dismiss for lack of jurisdiction unless the petitioner could timely amend his petition to name the correct party as respondent). The Fourth Circuit has yet to weigh in on this issue, but other district courts in our circuit have held that the petitioner should be permitted to amend his petition to name the proper party. See, e.g., Boggs v. Pierce, 1:99-cv-379, 2000 WL 33736318, at *2 (M.D.N.C. Aug. 2, 2000). In Rumsfeld, the petitioner amended his petition to add the brig commander, but the Court held that the district court in which the petitioner filed his habeas petition did not have jurisdiction over the commander because she resided outside the district. 542 U.S. at 447. The Court did not dismiss the petitioner's case because of his initial failure to name the proper party. Id. It dismissed because the district court did not have geographic jurisdiction over that party once she was added to the complaint. Id.

      This Court has jurisdiction to allow an amendment, naming the proper respondent. The State acknowledges that Petitioner could have cured the defect by so amending his habeas petition. (Doc. No. 5 at 22-23). But Petitioner has not done so. This Court, however, can amend the petition on Petitioner's behalf to name the proper respondent. See Camp v. North
5

Carolina, No. 3:06-cv-451, Doc. 11 at 1 (W.D.N.C. Mar. 6, 2007). Attorney General Roy Cooper is represented by an assistant attorney general. (Doc. No. 4). Customarily, the state attorney's office represents the respondent, regardless of who it is. See West, 478 F.2d at 1030. Thus, the proper respondent, Secretary of the Department of Correction Alvin Keller, will not be prejudiced by a belated substitution. The Clerk of Court shall amend the caption of the instant case to reflect Mr. Alvin Keller, the Secretary of the Department of Correction, as the Respondent in this matter. The U.S. Marshal shall timely serve Keller with Petitioner's complaint, summons, and a copy of this Order. See Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. With this Court's jurisdiction perfected, the Court will address the merits of Petitioner's habeas petition.

## III. STANDARD OF REVIEW

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. This Court may grant habeas relief on claims of constitutional error that were adjudicated on their merits in state court only if that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams). A state court unreasonably

6

Case 1:09-cv-00216-RJC   Document 9   Filed 09/30/11   Page 6 of 17

applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-301 (stating also that a state court unreasonably applies federal law when it "extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply) (citation and quotation marks omitted). Critically, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410.

As amended by AEDPA, § 2254(d) requires that a habeas court "determine what arguments or theories supported or . . . could have supported, the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). The habeas court then "must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Id. In other words, to obtain relief under AEDPA's deferential standard, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-787.

### III. DISCUSSION

Although Petitioner delineates a number of claims of constitutional error, all stem from his unshakeable belief that the trial court misapplied North Carolina's sentencing guidelines and sentenced him to a prison term in excess of that allowed by law. Indeed, Petitioner makes the same allegations in every one of his habeas claims without regard to the constitutional violation he is attempting to prove. The Court has separated Petitioner's allegations into the recognizable

constitutional claims.

The State has raised the defense of procedural default with respect to several of Petitioner's enumerated claims. But the State did not file a copy of Petitioner's MAR as part of the record in this case. Therefore, the Court cannot rely on any failure to raise his present claims in that motion.

A.    **PETITIONER'S SENTENCE**

Critical to the Court's analysis of almost all of Petitioner's claims is the MAR court's finding of fact that Petitioner was correctly sentenced to two 16 to 20 month sentences for his Class G felony convictions.[5] (Doc. No. 5-17: State Ex. 14 at 3). In a habeas proceeding challenging a state conviction, a finding of fact by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The habeas petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id.

Here, Petitioner has failed to point to any evidence rebutting the MAR court's finding that the presumptive sentencing range for a Class G, Level III defendant was 16 to 20 months. On the contrary, the undersigned has reviewed the applicable sentencing charts, and the MAR court's explanation of them appears accurate. See N.C. Gen. Stat. §§ 15A-1340.17(c)-(d). Consequently, this Court is bound by the MAR court's finding that Petitioner's sentences were correct. See 28 U.S.C. § 2254(e)(1).

---

[5] Petitioner's claim that he was incarcerated longer than he should have been may be moot now that he has been released. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (requiring "some concrete and continuing injury other than the now-ended incarceration" to maintain standing). Nonetheless, the Court must address this issue because it underlies Petitioner's live claims that his guilty plea was unknowing and that he was entitled to an appeal.

## B. GUILTY PLEA (Grounds One, Two, Three, and Five)[6]

The Constitution requires that a defendant entering a guilty plea must do so knowingly, voluntarily, and intelligently. Brady v. United States, 397 U.S. 742, 748 (1970). A defendant enters a guilty plea intelligently when he is "advised by competent counsel, ... made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Id. at 756, 90 S.Ct. 1463. A guilty plea is voluntary if "entered by one fully aware of the direct consequences" of the plea. Id. at 755 (citation and quotation omitted).

Petitioner claims that his guilty plea was not knowing, intelligent or voluntary because counsel misled him about the sentences he would receive under the plea. Specifically, he asserts that counsel told him that if he signed the plea agreement, all of his convictions would be consolidated for judgment, and he would be sentenced to one 13 to 16 month term of imprisonment, of which he would only serve a third. He also asserts that had counsel investigated the Class G felony charges, he would have discovered that Petitioner was never in possession of either firearm identified in the indictments. Finally, he contends that the State never proved that he had seven (7) prior criminal history points to justify putting him in a Level III criminal history category. Petitioner raised the substance of an involuntary guilty plea due to ineffective assistance of counsel claim in his MAR (Doc. No. 5: State's Summary Judgment Brief at 8), and the MAR court rejected it on the merits (Doc. No. 5-17: State Ex. 14 at 2-4).

---

[6] Ground Three is titled "Conviction Obtained by Violation of the Protection Against Double Jeopardy." (Doc. No. 1 at 9). The facts alleged, however, simply challenge the validity of his sentence and the voluntariness of his plea. (Id.). Because conclusory titles unaccompanied by supporting facts are insufficient to state a claim for relief on federal habeas review, the Court does not address any double jeopardy claim. Rules Governing Section 2254 Cases, Rule 2(c), 28 U.S.C § 2254 foll.

In Strickland v. Washington, the Supreme Court developed a two-prong test for evaluating ineffective assistance of counsel claims. In order to succeed on such a claim, a petitioner must show: (1) that his counsel's performance did not reach "an objective standard of reasonableness," and (2) that his counsel's deficient performance prejudiced the defense. 466 U.S. 668, 687-88 (1984). Where a petitioner has entered a plea of guilty, he must show that but for counsel's unprofessional errors, a reasonable defendant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "This is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (citations omitted).

The record before the Court stands in stark contrast to Petitioner's claim that his guilty plea was unknowing and involuntary. Petitioner entered into the following plea agreement,

> The Defendant shall plead guilty to two (2) counts of Firearm by a Felon, one (1) count of Felonious Breaking and Entering and one (1) count of Felonious Larceny. The State shall dismiss the charges set forth herein. The State and Defendant stipulate and agree that the Defendant is a prior record level III for felony sentencing having (7) seven point, six (6) prior conviction points and one (1) non-conviction point in that the Defendant was on probation at the time of the offenses. *The States does not oppose the matters being consolidated into two (2) active sentences of a minimum of sixteen (16) months, maximum of twenty (20) months each* in the North Carolina Department of Corrections and that the Defendant's probationary sentence run concurrent with these sentences.
>
> *The State and Defendant stipulate and agree that the proceeding language is not to be construed as an arrangement or agreement concerning sentencing* and that this plea is entered pursuant to N.C.G.S. 15A-1023(c) *and sentencing shall be in the sound discretion of the court*.

(Doc. No. 5-2: State Ex. 1 at 4-5) (emphasis added). Based upon the terms of his plea agreement, Petitioner's assertion that he was induced to sign the plea agreement by a promise of one 13 to 16 month sentence is unfounded.

Additionally, Petitioner's responses to the trial court's questions during his plea hearing

10

belie his other allegations regarding counsel's performance. When entering his guilty plea, Petitioner acknowledged under oath: (1) that he had discussed his case with his attorney; (2) that he understood the nature of the charges against him and every element of each charge; (3) that he had discussed possible defenses to the charges with his attorney; (4) that the only terms and conditions of his plea bargain were those stated in the written plea agreement; and (5) that no one made any other promises or threatened him in any way to cause him to enter his plea against his wishes. (Id. at 2-3). Furthermore, Petitioner swore that he was in fact guilty of the charged offenses. (Id. at 2). Finally, Petitioner signed the "Transcript of Plea," acknowledging that the answers he gave to the aforementioned questions were true and that the terms and conditions of the plea were accurate. (Id. at 3). Absent compelling circumstances, not shown here, Petitioner is bound by these sworn in-court representations. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); accord Via v. Supt., Powhattan Corr. Center, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements by a defendant during the entry of a guilty plea which show the voluntary and knowing nature of his actions are conclusive absent some compelling reason why they should not be believed).

The trial court found that there was a factual basis for the plea and for the stipulation regarding sentencing points. (Doc. No. 5-2: State Ex. 1 at 3). Additionally, the trial court found that Petitioner was competent and that the plea was his informed choice, "made freely, voluntarily and understandingly." (Id.)

Based upon the record before it, it was not unreasonable for the MAR court to conclude that Petitioner's guilty plea was not induced by any dereliction of duty or unprofessional errors on counsel's part. Consequently, the MAR court's rejection of Petitioner's claim was not an unreasonable application of Strickland or Lockhart. § 2254(d)(1).

### C. RIGHT TO APPEAL (Grounds Two and Four)

Petitioner claims that counsel was ineffective for refusing to file a direct appeal and a MAR on Petitioner's behalf. In Roe v. Flores-Ortega, the Supreme Court applied the two-pronged Strickland test and held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. 470, 480 (2000). Here there is no question that counsel consulted with Petitioner regarding a notice of appeal. In fact, Petitioner alleges that he requested that counsel file a notice of appeal and that counsel refused, telling him that he had no right to appeal. (Doc. No. 1 at 11). Petitioner also states that the trial court advised him that by pleading guilty he was waiving his right to appeal. (Doc. No. 8 at 9).

The Court need not decide whether counsel's refusal to file the requested appeal constituted deficient performance because Petitioner cannot show that he was prejudiced by the decision. In Flores-Ortega, the Supreme Court held that when an attorney's constitutionally deficient performance causes the forfeiture of a defendant's appeal that he otherwise would have taken, prejudice under the second prong of Strickland is presumed. 528 U.S. at 484. If, on the other hand, a petitioner "cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." Id. (citation omitted). Of critical importance here is that whether a defendant would have appealed is assessed "objectively, without regard for the idiosyncrasies of the particular decisionmaker." Hill v. Lockhart, 474 U.S. 52, 59-60 (1985) (citation and quotation omitted).

12

There is no constitutional right to an appeal. Abney v. United States, 431 U.S. 651, 656 (1977) (citation omitted). The right to appeal, therefore, is determined by statute. Id.; see also State v. Pimental, 568 S.E.2d 867, 869 (N.C. Ct. App. 2002) ("In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute."). A defendant's right to appeal a felony criminal conviction in North Carolina is governed by General Statute § 15A-1444. Under that statute, a defendant who pleads guilty to a felony in superior court is entitled to appeal only four issues as a matter of right: (1) "whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing *only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense*," § 15A-1444(a1) (emphasis added); (2) whether the sentence imposed "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21," § 15A-1444 (a2)(1); (3) whether the sentence imposed "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level," § 15A-1444(a2)(2); or (4) whether the sentence imposed "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level," § 15A-1444(a2)(3). Otherwise, "the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari." § 15A-1444(e).

In this case, Petitioner was sentenced within the presumptive range for a Class G, Level III defendant. Petitioner has not demonstrated that his criminal history level or criminal history

13

points were incorrectly calculated pursuant to §§ 15A-1340.14 or 15A-1340.21. Petitioner was given active sentences which are authorized for a Class G, Level III defendant under § 15A-1340.17. In short, Petitioner had no right to an appeal. § 15A-1444.

Petitioner cannot show that counsel's refusal to file a notice of appeal caused the forfeiture of a right to which Petitioner was otherwise entitled. Therefore, prejudice is not presumed under Strickland. See Flores-Ortega, 528 U.S. at 484. Additionally, when viewed from an objective standpoint, Petitioner has failed to demonstrate that there is a reasonable probability that he would have appealed his plea and sentences. Id. Therefore, Petitioner's claim that counsel was ineffective for refusing to file a notice of appeal is denied.

As for counsel's alleged refusal to file a MAR on Petitioner's behalf, there is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). Where there is no constitutional right to counsel there can be no deprivation of effective assistance under the Sixth Amendment. Wainwright v. Torna, 455 U.S. 586 (1982). Consequently, counsel was under no obligation to file post-conviction proceedings on Petitioner's behalf. This claim also is denied.

### D. PROSECUTORIAL MISCONDUCT (Ground Six)

Petitioner alleges that "many of the allegations disclosed to the petitioner by [sic] prosecutor and to his atty. and represented as facts to him and the Court were in fact FALSE. Including the FACT petitioner was NEVER in possession of either firearm!" (Doc. No. 1 at 13). It appears from the title of Ground Six, "Conviction Obtained by the Unconstitutional Failure of the Prosecution to Disclose to the Defendant Facts Favorable to the Defendant" (id.), that Petitioner is attempting to state a claim under Brady v. Maryland, 373 U.S. 83 (1963). According to the State, Petitioner raised the substance of this claim in his MAR, and the state

court rejected it on the merits. (Doc. No. 5 at 20).

A Brady claim has three essential elements: (1) the evidence must be favorable to the accused; (2) it must have been suppressed by the government, either willfully or inadvertently; and (3) the suppression must have been material, i.e., it must have prejudiced the defense at trial." Monroe v. Angelone, 323 F.3d 286, 299-300 (4th Cir. 2003) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)). Here, Petitioner has failed to identify any evidence favorable to the defense, except his self-serving assertion that he was never in possession of either firearm. Petitioner, however, was in the best possible position to know whether he was in possession of either firearm. Consequently, that information could not have been suppressed by the State. See United States v. Roane, 378 F.3d 382, 402 (4th Cir. 2004) ("We have explained that information actually known by the defendant falls outside the ambit of the Brady rule." (citing Fullwood v. Lee, 290 F.3d 663, 686 (4th Cir. 2002))). Furthermore, Petitioner pled guilty to both firearm possession charges and swore under oath that he was guilty of both. (Doc. No. 5-2: State Ex. 1 at 2).

The MAR court's rejection of this claim did not result in a decision that was contrary to or an unreasonable application of clearly established federal law. See § 2254(d). It, therefore, is denied.

E.     **EVIDENTIARY HEARING IN STATE COURT (Ground Seven)**

Petitioner claims that he was denied due process of law when the MAR court denied his request for an evidentiary hearing. (Doc. No. 1 at 14). This claim is not cognizable on federal habeas review. See 28 U.S.C.A. § 2254(a) (A petitioner may obtain relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). A state prisoner has no federal constitutional right to

15

post-conviction proceedings in state court.  Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001) (noting that "each State has created mechanisms for both direct appeal and state post-conviction review, even though there is no constitutional mandate that they do so" (internal citations omitted)).  As such, an attack on state post-conviction proceedings is "an attack on a proceeding collateral to detention and not to the detention itself."  Lawrence v. Branker, 517 F.3d 700, 717 (2008).  This claim, therefore, is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Petitioner is not entitled to habeas relief pursuant to § 2254.  Additionally, the undersigned concludes that Petitioner has not satisfied the legal standard for issuance of a certificate of appealability.  Rule 11(a) of the Rules Governing § 2254 Cases requires that the district court issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V. ORDER

**IT IS, THEREFORE, ORDERED** that,

1. The Clerk of Court is directed to amend the caption of the instant case to reflect Mr. Alvin Keller as the Respondent in this matter;

2. The U.S. Marshal shall timely serve Keller with Petitioner's complaint, summons, and this Order;

3. Respondent's Motion for Summary Judgment (Doc. No. 4) is **GRANTED**; and

4. Petitioner's § 2254 habeas petition (Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue in this action.

Signed: September 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge